IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR LOPEZ,

      Petitioner,                    No. 2:10-cv-3168 LKK KJN P

   vs.

S.M. SALINAS, Warden,

      Respondent.            ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 23, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Petitioner has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations with respect to petitioner's claim that the California Board of Parole Hearings ("the Board") denial of parole deprived petitioner of due

1

1  process to be supported by the record and by proper analysis.

2      The court declines to adopt the findings and recommendations with respect to petitioner's ex post facto clause claim. The magistrate judge recommended dismissing the ex post facto Clause claim, relying in part on the Ninth Circuit's conclusion, in <u>Gilman v. Schwarzenegger</u>, that plaintiffs seeking to prevent the Board from enforcing the amended deferral periods established by Marsy's Law had failed to demonstrate a significant risk that their incarceration would be prolonged by the application of Marsy's Law. Based on that conclusion, the Ninth Circuit reversed the district court's decision granting a preliminary injunction. The court finds it appropriate to STAY proceedings on petitioner's Ex Post Facto Clause claim until final resolution of <u>Gilman v. Brown</u>.

    Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 23, 2011, are adopted with respect to petitioner's due process claim;

2. Respondent's motion to dismiss (Dkt. No. 11) is granted with respect to petitioner's due process claim. Respondent's motion to dismiss petitioner's Ex Post Facto Clause claim is STAYED. Defendant SHALL move to lift the stay in this matter upon final resolution of <u>Gilman v. Brown</u>, 2:05-cv-830.

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: September 29, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT